Compiler

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

'13 JUN 12 PM 4: 25

THE PEOPLE OF GUAM,                    )
                                       )    **CRIMINAL CASE NO. CF0427-12**
                    vs.                )
                                       )    **DECISION AND ORDER**
STACEY CAMARIN SABLAN,                 )
                                       )
                    Defendant.         )
                                       )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed February 11, 2013. The parties waived oral argument on April 12, 2013. Assistant Attorney General Jesse N. Nassis appeared on behalf of the Government and Attorney Terence E. Timblin represented Defendant. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant and two others are indicted together for the charges of theft and fraudulent use of a credit card for allegedly using a stolen automated teller machine (ATM) card to withdraw and obtain more than $1,500.00 in cash. On February 11, 2013, Defendant filed a motion to dismiss on the basis that the grand jury did not have reasonable cause to indict under 8 GCA § 50.54(b).

Defendant asserts an absence of reasonable cause for the following reasons: 1) no evidence was presented of a conspiracy to use the stolen ATM card and Defendant only admitted to using the ATM card to withdraw $800.00 at the direction of a co-defendant; and 2) though Defendant is alleged to have used another's ATM card, the crime defined and punished by 9 GCA § 46.35 (under which Defendant is charged) refers only to credit cards and not ATM cards per se. The Government argues that the grand jury had reasonable cause to indict because the form of the indictment is sufficient under 8 GCA § 55.10 and because an ATM card is a

type of credit card.

///

## DISCUSSION

Under Guam law, "[t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b) (emphasis omitted). "A reviewing court should uphold an indictment if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it." *People v. Grajo*, No. 86–00002, 1987 WL 109393, at *2 (D. Guam App. Div. 1987) (emphasis in original) (citations omitted).

In this case, Defendant represents that the grand jury heard the following evidence: 1) the ATM card owner reported to police that she misplaced her ATM card and suspected that Defendant and her two co-defendants used it to make a series of unauthorized withdrawals totaling $2,698.00; and 2) Defendant admitted to police that she used the misplaced ATM card to withdraw $400.00 twice at the direction of a co-defendant. (Mot. to Dismiss, 4, Feb. 11, 2013.) On the basis of the card owner's report to police, there is some rational ground for the grand jury to assume the possibility that Defendant and her two co-defendants used the misplaced ATM card to make a series of withdrawals totaling $2,698.00. This assumption remains possible despite Defendant's version of events that she withdrew $800.00. Therefore, the charge of theft in excess of $1,500.00 shall not be dismissed for a lack of reasonable cause.

Defendant further argues that an ATM card cannot be used in violation of 9 GCA § 46.35. However, if an automated teller machine is operated by a merchant different from the entity who issued the ATM card, then it is possible for the card to be used as a "credit card" defined by 9 GCA § 46.35(c). In other words, the ATM card can be used as a writing that promises to pay for cash delivered by the merchant. The merchant who is deceived may be paid by the bank that issued the card, the card owner who is deceived may be indemnified by the bank, and 9 GCA § 46.35 would then squarely apply to protect the merchant who suffered loss as the third party to the ATM transaction. *See* 9 GCA § 46.35, COMMENT. The parties do not argue that the evidence precludes the possibility of an intermediate merchant in the ATM

transaction, and there is some rational ground for the grand jury to assume the possibility that the ATM card was used in violation of 9 GCA § 46.35. For this reason, the charge of fraudulent use of a credit card shall not be dismissed for a lack of reasonable cause.

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby DENIED.

**SO ORDERED** this _19TH_ day of June, 2013.

HON. JAMES L. CANTO II
Judge, Superior Court of Guam

JUN 1 2013

James R. Borja
Deputy Clerk, Superior Court of Guam